IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FRANK LANDON ADAMS, JR.,

      Appellant,

v.                                  Case No. 5D16-1914

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 22, 2016

3.800 Appeal from the Circuit
Court for Putnam County,
Scott C. Dupont, Judge.

Frank Landon Adams, Jr., Cross City,
pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Appellant, Frank Landon Adams, Jr., is appealing the postconviction court's denial

of his "Motion to Correct Illegal Sentence" filed pursuant to Florida Rule of Criminal

Procedure 3.800(a).

      In Ground One, Sub-Claim One, Adams asserts that his sentence is illegal

because the trial judge, as opposed to the jury before whom he was tried, made the

finding that he was a danger to the public. Adams further claimed that by doing so, the trial court circumvented the statutory maximum sentence in section 775.082(10), Florida Statutes (2012), and disregarded the U.S. Supreme Court's holdings in *Apprendi* and *Blakely*.[1] The lower court appears to have misconstrued Adams' claim because in denying relief, the court simply found that Adams' upward departure sentence was legal because the trial judge found Adams to be a danger to the public. The lower court failed to address Adams' allegation of an *Apprendi/Blakely* violation. We reverse and remand as to this ground with instructions for the trial court to consider and rule on the merits of Adams' *Apprendi/Blakely* claim. We affirm all other issues without further discussion.[2]

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

COHEN, LAMBERT, and EDWARDS, JJ., concur.

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington,* 542 U.S. 296 (2004)*.*

[2] Appellant did not address Ground Two of his motion in his brief; therefore, it is deemed to be abandoned. *See Ward v. State*, 19 So. 3d 1060, 1060 (Fla. 5th DCA 2009).